*344 JUSTICE RICE,
concurring.
¶30 I concur with the Court’s opinion because it accurately applies the law regarding attorney fees under § 70-17-112(5), MCA, including the principle stated in ¶ 26 of the Opinion that “we have strictly held that a party must successfully prevail on all claims raised pursuant to this statute” in order to qualify for fees. Engel, ¶ 40. (Emphasis in original.) ¶31 That said, I harbor doubts about Engel’s holding in this regard. I fail to see why a party who prevails in an action “to enforce the provisions” of § 70-17-112(5), MCA, as Musselshell Ranch did here, should not be entitled to a statutory fee award. At a minimum, the trial court should be able to determine, under the usual standards, whether the party seeking enforcement is the “prevailing party” of the entire litigation and thus entitled to fees. See Avanta Fed. Credit Union v. Shupak, 2009 MT 458, ¶¶ 45-50, 354 Mont. 372, 223 P.3d 863. However, Engel’s holding has been affirmed in subsequent cases by this Court, and until the Legislature addresses the issue or a persuasive argument is made for this Court to overturn precedent, I believe stare decisis requires that Musselshell Ranch’s claim for fees be denied.
JUSTICE NELSON joins in the concurring opinion of JUSTICE RICE.